**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-1584

JUANA RUEDA,

Plaintiff – Appellant,

v.

JANET L. YELLEN, sued in her official capacity as U.S. Secretary of the Treasury; DANIEL I. WERFEL, sued in his official capacity as U.S. Commissioner of Internal Revenue; U. S. DEPARTMENT OF TREASURY; UNITED STATES INTERNAL REVENUE SERVICE,

Defendants – Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Ellen Lipton Hollander, Senior District Judge.  (1:20-cv-01102-ELH)

Argued:  October 26, 2023                    Decided:  November 30, 2023

Before KING, THACKER, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:**  Andrea E. Senteno, MEXICAN AMERICAN LEGAL DEFENSE & EDUCATIONAL FUND, Washington, D.C., for Appellant.  Ellen Page DelSole, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellees.  **ON BRIEF:** Thomas A. Saenz, Los Angeles, California, Rosa G. Saavedra Vanacore, MEXICAN AMERICAN LEGAL DEFENSE & EDUCATIONAL FUND, Washington, D.C., for Appellant.  David A. Hubbert, Deputy Assistant Attorney General, Bethany B. Hauser, Tax Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Erek L.

Barron, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellees.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Plaintiff Juana Rueda initiated this putative class action in April 2020 in the District of Maryland, alleging that certain provisions of the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act") are unconstitutional because they preclude her from receiving a stimulus payment due to her marital status and the fact that her husband does not have a social security number. The named defendants are Janet L. Yellen, the Secretary of the Treasury; Daniel I. Werfel, the Commissioner of Internal Revenue; plus the Department of the Treasury and the Internal Revenue Service.

To alleviate the severe economic crisis created by the COVID-19 pandemic, the CARES Act was enacted into law on March 27, 2020. *See* Pub. L. 116-136, 134 Stat. 281 (2020). A primary form of relief created therein was economic stimulus payments to eligible individuals, to be distributed through the federal tax system. Codified at 26 U.S.C. § 6428, the relevant portion of the CARES Act directed the Secretary of the Treasury to disburse the authorized stimulus payments to eligible individuals. In the form of a refundable tax credit, an eligible individual would receive $1,200, and eligible jointly filing married couples would receive $2,400, plus an additional $500 per qualifying child. As enacted, certain provisions precluded an otherwise eligible individual from receiving any economic stimulus payment if a tax return was jointly filed with a spouse who lacked a social security number.

Rueda is a United States citizen and mother of three children who are also citizens. She lives in Ohio with her husband who, because of his immigration status, does not possess a social security number. Rueda and her husband had filed a joint tax return in

3

2019, and she was thus precluded from receiving any economic stimulus payment under the original CARES Act, as it was enacted in March 2020. In December 2020, Congress amended the CARES Act and changed a provision that barred otherwise eligible individuals from receiving any stimulus payment due to that individual's marital status.

By her operative Second Amended Complaint of April 2021 (the "Complaint"), Rueda alleges that the CARES Act continues to preclude her from qualifying for a full economic stimulus payment. That is, she alleges that, due to her marital status, she is effectively barred from receiving the $500 credit attributable to her eldest child. She maintains that such a deprivation contravenes her fundamental right of marriage protected by the Due Process Clause of the Fifth Amendment, her rights under the equal protection component of the Fifth Amendment, and her First Amendment rights to freedom of speech and association. Rueda thus seeks a declaration that the contested CARES Act provisions are unconstitutional, plus an injunction against those provisions being used by the defendants to deprive her, and all others similarly situated, of the $500 refundable tax credit associated with a dependent child of an eligible individual.

In May 2021, the defendants moved to dismiss Rueda's Complaint as barred by the Anti-Injunction Act and the Declaratory Judgment Act. Put succinctly, the Anti-Injunction Act serves as a bar to a lawsuit that is "for the purpose of restraining the assessment or collection of any tax" or "other activities . . . that may culminate in the assessment or collection of taxes." *See Jud. Watch, Inc. v. Rossotti*, 317 F.3d 401, 404-05 (4th Cir. 2003) (citing 26 U.S.C. § 7421(a)). In addition, the Declaratory Judgment Act contains a tax-exclusion provision that was enacted to reaffirm the tax assessment and collection

4

restrictions of the Anti-Injunction Act. *See Bob Jones Univ. v. Simon*, 416 U.S. 725, 732 n.7 (1974) (citing 28 U.S.C. § 2201). That is, the purpose of the Declaratory Judgment Act's tax-exclusion provision is to "prevent taxpayers from using the Declaratory Judgment Act to do what they were prohibited from doing under the Anti-Injunction Act." *See In re Leckie Smokeless Coal Co.*, 99 F.3d 573, 583 (4th Cir. 1996) (alteration and internal quotations marks omitted). Therefore, the Declaratory Judgment Act's tax-exclusion provision has an "underlying intent and practical effect" that is coextensive with the Anti-Injunction Act. *Id.*

As carefully explained by the district court in its Memorandum Opinion of March 2022, the court dismissed Rueda's Complaint under Rule 12(b)(1) for lack of subject matter jurisdiction. *See Rueda v. Yellen*, No. 1:20-cv-01102 (D. Md. Mar. 7, 2022), ECF No. 83 (the "Opinion"). By its Opinion, the court ruled that Rueda's lawsuit was barred by the Anti-Injunction Act because it aimed to restrain the "assessment or collection of a tax." *Id.* at 28. That is, Rueda's lawsuit sought to enjoin the defendants from depriving a tax credit to certain eligible individuals, and such an injunction would reduce the ultimate tax liability of those eligible individuals. *Id.* at 30. As the Opinion recognized, it was of no consequence that a tax credit decreases one's tax obligation, for "taxes and tax credits are two sides of the same coin." *Id.* The court then pointed out that because the Anti-Injunction Act barred Rueda's lawsuit, so did the Declaratory Judgment Act. *Id.* at 35.

By way of this appeal, Rueda contests the district court's dismissal of her Complaint for lack of subject matter jurisdiction. We review such a dismissal de novo. *See Berkley v. Mt. Valley Pipeline, LLC*, 896 F.3d 624, 629 (4th Cir. 2018). Having thoroughly

examined the record of these proceedings and carefully considered the competing contentions of the parties, we are satisfied to adopt the well-crafted Opinion of the district court.  In so ruling, we emphasize that a federal lawsuit seeking to enjoin the deprivation of a refundable tax credit constitutes a lawsuit "for the purpose of restraining the assessment or collection of any tax," and is therefore barred by both the Anti-Injunction Act and the Declaratory Judgment Act.

Pursuant to the foregoing, we affirm the judgment of the district court.

*AFFIRMED*